Michael S. Taaffe, FL Bar No. 490318 (Admitted *Pro Hac Vice*)
SHUMAKER, LOOP & KENDRICK, LLP
240 South Pineapple Avenue, Post Office Box 49948
Sarasota, Florida 34230-6948
(941) 364-2720; FAX: (941) 366-3999
Mtaaffe@shumaker.com

Daniel S. Agle, Bar No. 251090
KLINEDINST PC
501 West Broadway, Suite 1100
San Diego, California 92101
(619) 400-8000/FAX (619) 238-8707
GGarbacz@Klinedinstlaw.com
DAgle@Klinedinstlaw.com
ISwan@Klinedinstlaw.com

Attorneys for Plaintiff
AMERIPRISE FINANCIAL SERVICES, LLC

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LPL FINANCIAL LLC,<br><br>    Plaintiff,<br><br>v.<br><br>AMERIPRISE FINANCIAL SERVICES, LLC,<br><br>    Defendant. | Case No. 25-cv-0880-JO-MSB<br><br>**DECLARATION OF MICHAEL S. TAAFFE IN SUPPORT OF AMERIPRISE FINANCIAL SERVICES, LLC'S OPPOSITION TO PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER**<br><br>Judge: Hon. Jinsook Ohta<br>Courtroom: 4C<br><br>Complaint Filed: April 14, 2025<br>Trial Date: None set |

Case No. 3:25-cv-0880-JO-MSB
DECLARATION OF MICHAEL S. TAAFFE IN SUPPORT OF AMERIPRISE FINANCIAL SERVICES, LLC'S OPPOSITION TO PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER

## **DECLARATION OF MICHAEL S. TAAFFE**

I, Michael S. Taaffe, under penalty of perjury, declare and say:

1. I am an attorney at law duly licensed to practice in the states of Florida, New Jersey, and New York.

2. I am a shareholder with the law firm Shumaker, Loop & Kendrick, LLP, one of the attorneys of record for the Defendant, Ameriprise Financial Services, LLC, in the above-captioned action.

3. I have personal knowledge of the following facts and, if called upon as a witness, could competently testify thereto.

4. I make this Declaration without waiver of any applicable privilege or protection (including the attorney-client privilege, attorney work-product doctrine, and joint defense and common interest privilege) except, if and where necessary, to disclose the specific communications set forth below.

5. I was admitted to practice before this Court on a pro hac vice basis in the original dispute between these two parties, *Ameriprise Financial Services, LLC v. LPL Financial, LLC*, Docket No. 24-cv-01333-JO-MSB (S.D. Ca. July 30, 2024). Though LPL should have sought its relief in that pending case before your Honor, as their dispute concerns the Stipulated Order (Dkt. 53) therein over which this Court still maintains jurisdiction, I am submitting another Motion For *Pro Hac Vice* Admission out of an abundance of caution in the event that the Court elects not to consolidate the matters.

6. At this Court's encouragement, and despite LPL's refusal to meet and confer in good faith along the way, the parties finally entered the Stipulated Order on December 12, 2024. A true and correct copy of the Stipulated Order is lodged herewith as **Exhibit A**.

7. As the Court will recall, the parties agreed in the Stipulated Order to retain a forensic examiner to effectuate the preservation and permanent deletion of

DECLARATION OF MICHAEL S. TAAFFE IN SUPPORT OF AMERIPRISE FINANCIAL SERVICES, LLC'S OPPOSITION TO PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER

customer information from the personal devices and digital repositories of the individual financial advisors who used the Bulk Upload Tool to transmit confidential information to LPL in connection with their transitions from Ameriprise to LPL. *See id.* at paras. 1 and 4. However, several of the individuals at issue have refused to participate in the process. Such advisors have taken the position that they are not subject to this Court's Stipulated Order, and that they are not required to "do anything, including comply with it." *See* 3-18-25 Correspondence from J. Gordon to M. Taaffe. A true and correct copy of this correspondence is lodged herewith as **Exhibit B**.

8. More aptly put, LPL has failed to exert its control over its registered representatives, despite the fact that it was ordered by the Court to do so and further has the regulatory and contractual authority to do so. I reminded LPL of this obligation in a letter on March 31, 2025, in which I stated in relevant part: "the standard LPL Representative Agreement contains a provision in which the LPL registered Representatives agree 'to cooperate fully with counsel to LPL in any arbitration, litigation, regulatory, or corporate inquiry, matter, investigation, customer complaint or proceeding.'" A true and correct copy of this correspondence is lodged herewith as **Exhibit C**. Further, anyone acting in concert with LPL is subject to the Court's Stipulated Order.

9. Moreover, as part of the forensic review process, LPL was required to identify all customers and non-customers to the retained forensic examiner and all non-customers to Ameriprise. *See id.* at paras. 2-3. As of today's date, to my knowledge, LPL has done neither.

10. Neither I nor Ameriprise know who is or is not a current customer of LPL at this time.

11. The Stipulated Order also clearly contemplates that LPL would produce the Bulk Upload Tools and all related metadata to Ameriprise so that Ameriprise

1  could "determine whether it must make notification to customers and what
2  information to include in the notification to customers." *See id.* at para. 6.

3      12. LPL never asked to be involved or consulted in the process of drafting a
4  potential data breach notification—nor did it have any right to.

5      13. Ameriprise made a good faith determination as to which of its customers,
6  current or former, were impacted by the data breach, and sent a neutral notification
7  to those customers.

8      14. The Stipulated Order does not require Ameriprise to provide LPL with
9  the identities of each customer who received the data breach notification.
10 Ameriprise does not even know the identities of LPL customers to provide that
11 information. The Stipulated Order requires Ameriprise to provide to LPL "a copy"
12 of the notice sent along with the date the notice was sent. Ameriprise did so—it
13 provided a copy of the form letter that each customer received along with the date
14 on which the notice was sent. It would neither be proper not appropriate for
15 Ameriprise to provide identities of its current customers to LPL.

16     15. A true and correct copy of Ameriprise's Privacy Notice is lodged
17 herewith as **Exhibit D**.

18     16. I have reviewed the Defendant's Opposition to Plaintiff's Motion for
19 Temporary Restraining Order and can attest that each exhibit included thereon is
20 a true and correct copy of the documents referenced therein.

I declare under penalty of perjury pursuant to the laws of the State of California that the foregoing is true and correct.

Executed at Sarasota, Florida on April 18, 2025

/s/ Michael S. Taaffe
MICHAEL S. TAAFFE