# EXHIBIT B

**PADUANO & WEINTRAUB LLP**
1251 AVENUE OF THE AMERICAS, NINTH FLOOR
NEW YORK, NEW YORK 10020
212-785-9100
www.pwlawyers.com

1901 AVENUE OF THE STARS
SUITE 1458
LOS ANGELES, CALIFORNIA 90067
310-622-9200

March 18, 2025

**VIA ELECTRONIC MAIL**

Mr. Michael S. Taaffe, Esq.
Shumaker, Loop & Kendrick, LLP
240 South Pineapple Avenue
Suite 1000
Sarasota, Florida 34236
mtaaffe@shumaker.com

Dear Mr. Taaffe:

We represent Christopher Ginther, John Kramer, Kimberly Anderson, Richard Oaster, Sandy Romeo, Jr., and Vladimir Boulatnikov (collectively, the "Canal View Respondents") and Craig Laday, Fredric Weiner, James Costabile, Joseph Pearce, Michael Bonevento, and Richard Shaughnessy (collectively, the "ICG Respondents") in connection with the arbitration captioned *Ameriprise Financial Services, LLC v. LPL Financial, LLC et al.,* FINRA Case No. 24-01643 (the "FINRA Arbitration"). The only commonality between the Canal View Respondents and the ICG Respondents is that they share the same counsel.

We write in response to your March 7, 2025 email attaching a Stipulated Order apparently filed in the matter captioned *Ameriprise Financial Services, LLC v. LPL Financial, LLC*, Case No. 3:24-cv-01333 (S.D. Cal.) (the "District Court Case"). None of the Canal View Respondents or ICG Respondents is a party to the District Court Case or has submitted to that court's jurisdiction. This letter may not be read as our clients' acquiescence to participate in that case.

Your March 7, 2025 email makes the informal request that we "make sure your clients … receive a copy of this and will be complying with it." To the extent your email purports to serve a copy of that Stipulated Order, we are not authorized to accept service of it and, in writing to you now, we do not do so. As you know, our clients were neither parties to the District Court Case nor had notice of the District Court Case or the Stipulated Order.

**CONFIDENTIAL DRAFT**
**JOINT DEFENSE PRIVILEGE COMMUNICATION**

Paduano & Weintraub LLP

March 18, 2025
Page 2

    To put you on notice of our personal views of your email and its attachment, the plain language of the Stipulated Order does not require the Canal View Respondents or the ICG Respondents to do anything, including "comply with it." Indeed, the Stipulated Order defines the "Parties" as Ameriprise Financial Services, LLC ("Ameriprise") and LPL Financial LLC ("LPL") and requires only the "Parties," "LPL" and the "Forensic Examiner" to take certain actions. See District Court Case, Dkt. 53 at pp. 1-4. That is not surprising because the Complaint filed by Ameriprise asserts claims against only LPL and the Notice of Motion for Preliminary Injunction was served on only LPL. Id., Dkt. 1, 15-3. Accordingly, the Canal View Respondents and the ICG Respondents were not parties to the District Court Case, had no notice of the application to the Court, and had no opportunity to oppose the request for injunctive relief or to participate in whatever process led to the Stipulated Order. Moreover, our clients are not subject to personal jurisdiction in California because—based on the Amended Statement of Claim filed by Ameriprise in the FINRA Arbitration—the events Ameriprise pleads supposedly occurred at their offices located in New York or New Jersey.

    For the foregoing reasons, neither the Canal View Respondents nor the ICG Respondents are required to take any action in response to the informal request contained in your email.

            Yours sincerely,

            */s/ Jonathan Gordon*
            Jonathan Gordon