# EXHIBIT C

# SHUMAKER

240 South Pineapple Avenue
9th Floor
Sarasota, Florida  34236

MICHAEL S. TAAFFE
941.364.2720
mtaaffe@shumaker.com

o  941.366.6660
f  941.366.3999
shumaker.com

March 31, 2025

**VIA E-MAIL**

Cheryl L. Haas
Partner
McGuireWoods, LLP
1075 Peachtree Street NE
35th Floor
Atlanta, GA 30309-3900

       Re:    *Ameriprise Financial Services, Inc vs. LPL Financial, LLC,*
             *FINRA Case No. 24-01643*

Dear Cheryl,

We are writing to register our concern with the progress LPL and the Individual Respondents have made in relation to complying with the Stipulated Court Order (Dkt. 53). Following our meeting in February, LPL proffered—and agreed—to have the relevant Individual Respondent advisors complete a certification, the purpose of which was to identify what physical devices and digital repositories each of the Individual Respondents possess that should be collected and forensically imaged, consistent with the Court Order. As you know, the parties later jointly drafted this certification, which you subsequently sent to all counsel for the Individual Respondents on March 14, 2025, demanding a response by the reasonable deadline of March 28, 2025.

To date, none of the Individual Respondents have completed the certification. In fact, the opposite has occurred: one Individual Respondent has improperly filed an action in state court in New York attempting to avoid compliance with the Court Order altogether. Recall that Judge Ohta ordered the parties multiple times to meet and confer and work out a resolution to the dispute. Please also recall Judge Ohta's admonitions of LPL for failing to meet and confer in good faith on a potential resolution. This relief is what LPL agreed to following the Court's ordered conferrals. LPL now needs to demand compliance from the Individual Respondents as they are LPL's registered representatives and subject to LPL's legal and compliance departments.

At this time, LPL is failing to do so, which itself constitutes a violation of the Stipulated Court Order and is therefore sanctionable misconduct. To the extent LPL argues it has no power to compel these Individual Respondents to produce their documents, devices, and repositories, we will similarly seek sanctions from the Court, given that LPL agreed to this relief. Further to this point, we also write to remind you that LPL has a contractual right—and in this instance, an obligation—to demand cooperation and compliance from these Individual Respondents, as the

32663256v2

Cheryl L. Haas
March 31, 2025
Page 2

standard LPL Representative Agreement contains a provision in which the LPL registered Representatives agree "to cooperate fully with counsel to LPL in any arbitration, litigation, regulatory, or corporate inquiry, matter, investigation, customer complaint or proceeding." *See* Registered Representative Agreement, at 7(f). Further, LPL's own Code of Conduct prohibits its registered representatives from transmitting confidential information "to personal email accounts or any external file or storage device." *See* Code of Conduct at 27. As we all know, the Individual Respondents have violated this provision of the Code of Conduct as well (in addition to similar Ameriprise provisions).

Finally, it has been several weeks since we have heard from LPL or from Consilio on a joint contract to retain Consilio. If you have any update, please provide it immediately. Do not hesitate to reach out if you want to discuss further.

Sincerely,

*/s/ Michael S. Taaffe*

Michael S. Taaffe

MST/mbh

32663256v2