Janelle E. Sharer, Cal. Bar No. 354100
George C. Freeman, III (*pro hac vice* forthcoming)
Jamie L. Berger (*pro hac vice* forthcoming)
BARRASSO USDIN KUPPERMAN
   FREEMAN & SARVER, L.L.C.
909 Poydras Street, Suite 2350
New Orleans, Louisiana  70112
Telephone:  504-589-9700
Facsimile:  504-589-9701
jsharer@barrassousdin.com
gfreeman@barrassousdin.com
jberger@barrassousdin.com

*Attorneys for Intervening Advisors*

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMERIPRISE FINANCIAL SERVICES, LLC,<br><br>  Plaintiff,<br><br>  v.<br><br>LPL FINANCIAL LLC,<br><br>  Defendant.<br><br>LPL FINANCIAL LLC,<br><br>  Plaintiff,<br><br>  v.<br><br>AMERIPRISE FINANCIAL SERVICES, LLC,<br><br>  Defendant. | Case Nos. 24-CV-01333-JO-MSB, 25-CV-00880-JO-MSB<br><br>**INTERVENING ADVISORS' NOTICE OF *EX PARTE* MOTION, *EX PARTE* MOTION TO SEAL LIMITED IDENTIFYING INFORMATION, AND MEMORANDUM IN SUPPORT**<br><br>**Hearing**<br>Date:   (Hearing date pending)<br>Time:   (Hearing time pending)<br>Place:  Courtroom of the Honorable Jinsook Ohta |

# NOTICE OF MOTION AND MOTION

**TO THE HONORABLE COURT, ALL PARTIES, AND THEIR COUNSEL OF RECORD:**

PLEASE TAKE NOTICE that pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, Local Civil Rule 79.2, and this Court's Civil Chambers Rules, the Intervening Advisors (as that term is defined in the concurrently submitted Ex Parte Motion to Reopen Case and Intervene) move *ex parte* before the Honorable Jinsook Ohta, in the United States District Court for the Southern District of California, located at 333 West Broadway, San Diego, California, 92101, for an order sealing limited identifying information—specifically, the names of the ten Intervening Advisors—in the Intervening Advisors' Notice of *Ex Parte* Motion, *Ex Parte* Motion to Reopen Case and Intervene, the memorandum in support thereof, and the exhibits thereto. Compelling reasons and good cause exist for sealing.

The Motion is based on this Notice, the attached Memorandum of Points and Authorities, the Court's file and records in this action, the declaration attached to this Motion, and such other evidence and arguments as the Court may consider.

As fully described in the Declaration of George C. Freeman, III filed concurrently herewith, on May 6, 2025 the Advisors' counsel informed counsel for both Ameriprise and LPL when and where this motion would be made and met and conferred with them in an attempt to resolve the parties' differences. Counsel for Ameriprise stated that Ameriprise opposes this motion. Counsel for LPL stated that LPL is not opposed to this motion.

DATED: May 7, 2025

BARRASSO USDIN KUPPERMAN
FREEMAN & SARVER, L.L.C.

By: */s/ Janelle E. Sharer*
Janelle E. Sharer
Attorney for Intervening Advisors
Email: jsharer@barrassousdin.com

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, Local Civil Rule 79.2, and this Court's Civil Chambers Rules, the Intervening Advisors (as that term is defined in the concurrently submitted *Ex Parte* Motion to Reopen Case and Intervene) respectfully request an order sealing limited identifying information—specifically, the names of the ten Intervening Advisors—in the Intervening Advisors' Notice of *Ex Parte* Motion, *Ex Parte* Motion to Reopen Case and Intervene, the memorandum in support thereof, and the exhibits thereto.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.  INTRODUCTION**

The Intervening Advisors were not parties to these cases. They had no representation before this Court in the preliminary-injunction proceedings, were given no notice of the proposed Stipulated Order entered at Docket No. 53 in Case No. 24-CV-01333, and did not consent to its terms. Nonetheless, Paragraph 4 of that Order mandates they submit personal devices for forensic review and allows deletion of customer information without any prior opportunity to object or be heard.

To protect their rights and interests, the Intervening Advisors now file two motions. First, they seek to reopen this case and intervene in the above-captioned matters under Rule 24 for the limited purpose of seeking a stay pending arbitration or modification of the Stipulated Order. That motion asserts their rights to privacy, property, and due process, and highlights how the Order prejudices their ability to defend themselves in a pending FINRA arbitration that now encompasses the same underlying issues. Second, they seek to stay these cases pending arbitration or, in the alternative, to modify the Stipulated Order. This relief aligns with the strong federal preference favoring arbitration and the fact that a FINRA arbitration panel has already been empaneled to address this matter.

Although they request the Court's consideration of these important legal issues, compelling reasons and good cause justify redacting the names of the ten Intervening Advisors from these filings. Disclosure of their identities in this

1 contentious litigation would severely damage their professional reputations and place them at an unfair competitive disadvantage. This request is narrowly tailored, consistent with Local Civil Rule 79.2 and this Court's Civil Chambers Rules, and is supported by a concurrently filed declaration.

## II. LAW AND ARGUMENT

The Ninth Circuit emphasizes a robust presumption favoring public access to judicial records and documents, but this presumption "is *not* absolute." *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (emphasis added) (quoting *Nixon v. Time Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978)). Courts employ two distinct standards for sealing: a heightened "compelling reasons" standard for dispositive motions and a less stringent "good cause" standard for non-dispositive motions. *Id.* at 1180. Although neither motion by the Intervening Advisors is dispositive, both standards are satisfied here.

### A. Compelling reasons justify sealing limited identifying information.

The Ninth Circuit requires a showing of "compelling reasons" to seal judicial records attached to dispositive motions, even if those records were previously sealed or subject to a protective order. *Id.* at 1179 (emphasis added) (quoting *Foltz v. State Farm Mutual Auto. Ins. Co.*, 331 F.3d 1122, 1136 (9th Cir. 2003)). This standard reflects "the strong presumption of access to judicial records," particularly those filed in connection with dispositive motions, because such filings are "at the heart of the interest in ensuring the 'public's understanding of the judicial process and of significant public events.'" *Id.* (quoting *Valley Broadcasting Co. v. U.S. Dist. Ct.*, 798 F.2d 1289, 1295 (9th Cir. 1986)).

In assessing whether sealing is justified, courts must weigh "the public's right of inspection against litigants' need for confidentiality," and "articulate the factual basis for its ruling, without relying on hypothesis or conjecture.'" *Primus Grp., Inc. v. Inst. for Envt. Health, Inc.*, 395 F. Supp. 3d 1243, 1267 (N.D. Cal. 2019) (quoting *Kamakana*, 447 F.3d at 1179). The Ninth Circuit has recognized "compelling

reasons" for sealing where court records might "'become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Kamakana*, 447 F.3d at 1179 (quoting *Nixon*, 435 U.S. at 598; citing *Valley Broadcasting Co.*, 798 F.2d at 1294). Other valid justifications include preventing the disclosure of "sources of business information that might harm a litigant's competitive standing," or protecting traditionally confidential materials such as grand jury transcripts and search warrant affidavits. *Primus Grp.*, 395 F. Supp. 3d at 1267 (citing *Nixon*, 435 U.S. at 598; *Kamakana*, 447 F.3d at 1179; *Apple Inc. v. Samsung Elecs. Co.*, 727 F.3d 1214, 1225 (Fed. Cir. 2013)); *Greer v. Cnty. of San Diego*, 19-378, 2023 WL 4479234, at *5 (S.D. Cal. July 10, 2023) (Ohta, J.). However, "avoid[ing] embarrassment or annoyance" or shielding a party from professional inconvenience, without more, does not qualify as a compelling reason to seal. *Oliner v. Kontrabecki*, 745 F.3d 1024, 1026-27 (9th Cir. 2014) (citing *Kamakana*, 447 F.3d at 1179; *Joy v. North*, 692 F.2d 880, 894 (2d Cir. 1982)).

Here, compelling reasons support sealing the limited identifying information at issue. Publicly naming the ten Intervening Advisors would subject them to significant professional and reputational harm. These individuals face allegations – unproven and highly contested – of misusing client data. As argued in their substantive motions, those allegations are now being addressed in a pending FINRA arbitration, which is the contractually mandated forum for resolving these disputes. FINRA rules expressly require confidentiality in arbitration proceedings, shielding documents and filings from public disclosure.

Identifying the Intervening Advisors by name in these public dockets would directly undermine that confidentiality, effectively broadcasting unproven accusations and inviting unwarranted scrutiny, reputational damage, and competitive disadvantage. Specifically, such disclosure risks deterring clients, affecting employment prospects, and distorting the Intervening Advisors' ability to

fairly defend themselves in arbitration.

The relief sought is also narrowly tailored. The Intervening Advisors request to redact only their names from the otherwise-public filings. This limited redaction preserves public access to the filings' substance while protecting the Intervening Advisors from disproportionate harm. Accordingly, the balance of interests here strongly favors sealing.

**B. Good cause further supports the requested sealing.**

The Ninth Circuit has "carved out an exception to the presumption of access" to judicial records when a party seeks to seal discovery material attached to a non-dispositive motion, applying a more liberal "good cause" standard. *Kamakana*, 447 F.3d at 1179 (emphasis in original) (citing *Foltz*, 331 F.3d at 1135; *Phillips v. General Motors Corp.*, 307 F.3d 1206, 1213 (9th Cir. 2002)). This is because "[t]he public policies that support the right of access to dispositive motions . . . do not apply with equal force to non-dispositive materials." *Id.* (citing *Phillips*, 307 F.3d at 1213). Non-dispositive motions often involve documents that are "unrelated, or only tangentially related, to the underlying cause of action." *Foltz*, 331 F.3d at 1135. A blanket presumption of public access in such circumstances would "eviscerate the 'broad power of the district court to fashion protective orders.'" *Id.* (citing *Phillips*, 307 F.3d at 1213).

Accordingly, to justify sealing in this context, a movant need not demonstrate "compelling reasons," but instead must make a "particularized showing" of good cause under Rule 26(c). *Id.* (citing *Foltz*, 331 F.3d at 1135, 1138). Rule 26(c) authorizes the court to "issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." *Id.* (citing Fed. R. Civ. P. 26(c)). Where a party seeks to seal based on "possible harm to its competitive or financial interests," it must offer "'specific demonstrations of fact, supported where possible by affidavits and concrete examples.'" *Id.* (citing Fed. R. Civ. P. 26(c)).

The limited redactions requested here satisfy this standard. The Intervening

Advisors seek only to redact their names. These targeted redactions protect the Advisors from precisely the types of harm Rule 26(c) is designed to guard against – undue reputational injury, competitive disadvantage, embarrassment, and the risk of professional harassment. Publicly associating the Intervening Advisors with unadjudicated allegations of client-data misuse – particularly where those allegations are now being adjudicated in a confidential FINRA arbitration – would needlessly jeopardize their standing with clients and firms in a highly regulated industry. As set forth in the accompanying declaration, the harm is concrete and foreseeable. The redactions are narrowly tailored, the showing is particularized, and the balance of interest weighs decisively in favor of sealing.

### III. CONCLUSION

For these reasons, the Intervening Advisors respectfully request the Court grant their narrowly tailored motion to seal the limited identifying information described herein. This limited relief appropriately balances the Intervening Advisors' legitimate privacy and competitive interests with the public's right to information.

DATED: May 7, 2025

BARRASSO USDIN KUPPERMAN
FREEMAN & SARVER, L.L.C.

By: /s/ *Janelle E. Sharer*
    Janelle E. Sharer
    Attorney for Intervening Advisors
    Email: jsharer@barrassousdin.com